29834. PEERLESS WOOLEN MILLS *v.* HUIET,
commissioner, *et al.*

DECIDED MARCH 19, 1943.

*Gleason & Collins,* for plaintiff in error.

*Jones, Jones & Sparks, Lovejoy & Mayer, Swift, Pease, Davidson & Swinson, Jones, Powers, Williams & Dorsey,* as amici curiæ.

*A. L. Henson, Otis L. Hathcock, Clifford Walker,* contra.

STEPHENS, P. J. This case is an exception by Peerless Woolen Mills to a judgment sustaining the finding of the Board of Review in holding that in computing unemployment compensation under the unemployment compensation act as amended, an employee who had quit the employment voluntarily, without good cause connected with this work, is disqualified for benefits for the week or fraction thereof in which she left work, and for a designated number of weeks of unemployment following consecutively thereafter, within a limit of the number of weeks prescribed by law, as determined, by the commissioner according to the circumstances of the case. It appeared without dispute that Mrs. Logan, the claimant, had complied with all other requirements of the act which would entitle her to compensation. Peerless Woolen Mills contended that the Board of Review should have found that Mrs. Logan's period of unemployment in which she would be disqualified for benefits should follow her registration at an employment office, and should not immediately follow her cessation from work, as was found by the Board of Review. The following provision in the act of 1937 (Ga. L. 1937, pp. 806, 847) is relied on: "An individual's week of unemployment shall be deemed to commence only after his registration at an employment office, except as the commissioner may by regulation otherwise prescribe." Mrs. Logan registered for compensation on April 30, 1941. This same act (p. 812) prescribes:

"An individual shall be disqualified for benefits . . for the week in which he has left work voluntarily without good cause, if so found by the commissioner, and for not more than the five weeks which immediately follow such week, as determined by the commissioner according to the circumstances in each case." The finding of the Board of Review that Mrs. Logan was disqualified for unemployment compensation for the weeks immediately succeeding her cessation from work is within the terms of both of these provisions in the act of 1937 and in the act of 1941. The only question for determination, as appears from the brief of counsel, is whether Mrs. Logan was disqualified for benefits for the weeks immediately succeeding the time when she left off work, or for the weeks immediately succeeding the time of her registration at an employment office.

The act of 1937 (p. 812, sec. 5) provides: "An individual shall be disqualified for benefits . . for the week in which he has left work voluntarily without good cause, if so found by the commissioner and for not more than five weeks which immediately follow such week as determined by the commissioner according to the circumstances in each case." This was repealed by the act approved March 21, 1941 (Ga. L. 1941, pp. 532, 536), amending the unemployment compensation act by substituting therefor that an individual shall be disqualified for benefits, "for the week or fraction thereof in which he has left work voluntarily without good cause connected with his most recent work, and for not less than the two and not more than the eight consecutive weeks of unemployment which immediately follow such week, as determined by the commissioner according to the circumstances in each case, not counting the waiting period; provided, however, that there shall be charged against the benefits to which the individual is entitled under section 3(d) hereof an amount equal to the amount such individual would have actually been paid as benefits in the first two weeks of said disqualification, and in the discretion of the commissioner." Code Ann. § 54-610. The so-called "waiting period" referred to in the above act follows the registration of the applicant. No question is presented in this case that is dependent upon when such waiting period occurs. No insistence is made that the last-quoted section from the act of 1941 is not applicable, in that it does not appear that Mrs. Logan, who quit work at some indefinite time in

March, 1941, did so before the approval of this act on March 21, 1941. If this provision of the act is not applicable because it was enacted and approved after Mrs. Logan quit work, the section of the act of 1937 which was repealed by the act of 1941, as appears in section 5(a) of the act of 1937, would be applicable, in that it provides that "An individual shall be disqualified for benefits . . for the week in which he has left work voluntarily without good cause, if so found by the commissioner, and for not more than five weeks which immediately follow such week, as determined by the commissioner according to the circumstances in each case."

It therefore appears that under the law Mrs. Logan's period of disqualification for benefits during unemployment under the act began with the week in which she quit employment and subsequent weeks thereafter, as found by the Board of Review. The Board of Review did not err in finding unemployment compensation in favor of Mrs. Logan, "subject to a charge against such benefits in an amount equal to the amount which claimant would have been paid as benefits in the first two weeks of said disqualification." This had reference to the two weeks immediately following Mrs. Logan's cessation from work. The act of 1941 provides that she was disqualified for a period of two weeks immediately following the week in which she ceased to work. The superior court did not err in approving the finding of the Board of Review.

*Judgment affirmed. Sutton, J., concurs. Felton, J., dissents.*